# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW/Goodman

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

ROGER ALEJANDRO PIÑATE MARTINEZ,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER ROGATORY)

To the Appropriate Judicial Authority of the Philippines:

The United States District Court for the Southern District of Florida (the "Court") presents its compliments to the appropriate judicial authority of the Philippines and requests international judicial assistance to obtain evidence to be used in a criminal proceeding before this court in the above-captioned matter (the "Action"). A trial on this Action is scheduled to commence on October 6, 2025, in Miami, Florida, United States of America.

This Court requests the assistance described herein as necessary in the interests of justice. This assistance requested is that the appropriate judicial authority of the Philippines allow the deposition of Filipino national Rey Doma, and to do so via live testimony at an agreed-upon location in the Philippines or elsewhere.

1

## Facts of the Case

### A. The Government's Allegations

Via "Indictment," the United States Government has charged Roger Piñate with conspiratorial and substantive violations of the Foreign Corrupt Practices Act ("FCPA") and money laundering statutes. Specifically, Count 1 of the indictment charges Mr. Piñate and co-defendant Jorge Vasquez with conspiracy to violate the FCPA (18 U.S.C. § 371); Count 2 charges Mr. Piñate and Mr. Vasquez with a substantive FCPA violation (15 U.S.C. § 78dd-2); Count 3 charges a money laundering conspiracy against Mr. Piñate, Mr. Vasquez, and the remaining co-defendants, Elie Moreno and Juan Bautista (18 U.S.C. § 1956(h)); and Counts 4-6 charge all four defendants with substantive promotional money laundering (§ 1956(a)(2)(A)). Mr. Piñate and Mr. Vasquez, who are presently the only defendants answering the Action, have both entered pleas of "not guilty" in this action. Under United States law, all defendants are presumed innocent unless and until proven guilty beyond by a reasonable doubt in front of a neutral trier of fact.

Broadly speaking, the indictment alleges a scheme to bribe co-defendant Mr. Bautista, the former chairman of the Philippine Commission on Elections ("COMELEC"), to "obtain and retain" election-servicing contracts with—and "receive payment" from—COMELEC for the benefit of several companies associated with Mr. Piñate and Mr. Vasquez. In exchange, the indictment alleges that a "sham loan" was created for the benefit of Mr. Bautista and that payments attempted pursuant to that loan constitute conspiratorial and substantive money laundering offenses.

Notably, the bribery scheme alleged in the indictment revolves around COMELEC's contractual bidding and payment processes—a series of complex administrative activities that took place exclusively in the Philippines in 2015 and 2016. As alleged in the indictment, a foreign joint venture comprised of several companies bid on—and was awarded—three contracts related to the 2016 national elections in the Philippines. Under these contracts, the joint venture was obligated to manufacture and lease nearly 100,000 voting machines and transmit election results. Payments made under these contracts were contingent on the joint venture meeting periodic milestones.

### B. Mr. Doma's Anticipated Testimony

Mr. Doma's anticipated testimony is expected to cover substantially the same topics about which he was questioned by the Department of Justice (DOJ) and Homeland Security Investigations (HSI) in 2023, as summarized in a DOJ and HSI Report of Investigation (ROI). This questioning occurred with the cooperation of the Philippine authorities.

Mr. Doma served as Vice Chairperson for COMELEC's Bids and Awards Committee ("BAC") for the Second Bidding process for the Provision of the Services for the Election Results Transmission Solutions, Management and Services ("ERTSMS" or the "Transmission Contract"). According to the ROI prepared by a U.S. government agent, Mr. Doma described COMELEC's bidding process, including how there were various bidding rounds and stages and, ultimately, how the BAC issued a recommendation stating that an agency-to-agency procurement was not viable and

recommended company to company negotiations instead. Mr. Doma also described that the budgeting process for this contract was based on a market survey.  In sum, Mr. Doma will be able to speak to the bid submitted by the joint venture referenced in the indictment that won the contract, other bids received, and the specific evaluation process for bids.

## Evidence Sought from the Philippines

The United States Federal Rules of Evidence will govern the admission of and use of evidence obtained in the Philippines at trial. Upon completion of the testimony, any exhibits, transcripts, videos, documents produced, or other information relating to the oral testimony will be sealed and transmitted by a United States Consular official to the Clerk of the United States District Court for the Southern District of Florida.

## Reciprocity and Reimbursement

This Court appreciates your consideration of and assistance with this request for international judicial assistance and is willing to provide similar assistance to judicial authorities of the Philippines.

Mr. Piñate is willing to reimburse the judicial authorities of the Philippines for costs incurred in executing this Court's Letter Rogatory.

WE THEREFORE REQUEST that in the interest of justice, you cause, by your proper and usual process, Rey Doma, to give oral testimony under oath by question and answers upon oral examination, such examination to continue from day to day until complete, in Manila, Philippines.

WE FURTHER REQUEST that you cause said oral examination to be reduced to video recording and to writing, and that such files, books, papers, or other articles that said witnesses may identify a the oral examination be marked as exhibits and attested, and that you cause these to be returned to us through the nearest United States Consular Officer under cover duly sealed and addressed to the Clerk of the United States District Court for the Southern District of Florida, United States of America, and we shall be ready and willing to do the same for you in a similar case, when required.

Dated: February __, 2025
Miami, Florida

_____
The Honorable Kathleen M. Williams
United States District Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW/Goodman

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

ROGER ALEJANDRO PIÑATE MARTINEZ,

     Defendant.

_____/

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
### (LETTER ROGATORY)

To the Appropriate Judicial Authority of the Philippines:

The United States District Court for the Southern District of Florida (the "Court") presents its compliments to the appropriate judicial authority of the Philippines and requests international judicial assistance to obtain evidence to be used in a criminal proceeding before this court in the above-captioned matter (the "Action"). A trial on this Action is scheduled to commence on October 6, 2025, in Miami, Florida, United States of America.

This Court requests the assistance described herein as necessary in the interests of justice. This assistance requested is that the appropriate judicial authority of the Philippines allow the deposition of Filipino national Julio Thaddeus Hernan, and to do so via live testimony at an agreed-upon location in the Philippines or elsewhere.

1

## Facts of the Case

**A. The Government's Allegations**

Via "Indictment," the United States Government has charged Roger Piñate with conspiratorial and substantive violations of the Foreign Corrupt Practices Act ("FCPA") and money laundering statutes.  Specifically, Count 1 of the indictment charges Mr. Piñate and co-defendant Jorge Vasquez with conspiracy to violate the FCPA (18 U.S.C. § 371); Count 2 charges Mr. Piñate and Mr. Vasquez with a substantive FCPA violation (15 U.S.C. § 78dd-2); Count 3 charges a money laundering conspiracy against Mr. Piñate, Mr. Vasquez, and the remaining co-defendants, Elie Moreno and Juan Bautista (18 U.S.C. § 1956(h)); and Counts 4-6 charge all four defendants with substantive promotional money laundering (§ 1956(a)(2)(A)). Mr. Piñate and Mr. Vasquez, who are presently the only defendants answering the Action, have both entered pleas of "not guilty" in this action.  Under United States law, all defendants are presumed innocent unless and until proven guilty beyond by a reasonable doubt in front of a neutral trier of fact.

Broadly speaking, the indictment alleges a scheme to bribe co-defendant Mr. Bautista, the former chairman of the Philippine Commission on Elections ("COMELEC"), to "obtain and retain" election-servicing contracts with—and "receive payment" from—COMELEC for the benefit of several companies associated with Mr. Piñate and Mr. Vasquez. In exchange, the indictment alleges that a "sham loan" was created for the benefit of Mr. Bautista and that payments attempted pursuant to that loan constitute conspiratorial and substantive money laundering offenses.

2

Notably, the bribery scheme alleged in the indictment revolves around COMELEC's contractual bidding and payment processes—a series of complex administrative activities that took place exclusively in the Philippines in 2015 and 2016. As alleged in the indictment, a foreign joint venture comprised of several companies bid on—and was awarded—three contracts related to the 2016 national elections in the Philippines. Under these contracts, the joint venture was obligated to manufacture and lease nearly 100,000 voting machines and transmit election results. Payments made under these contracts were contingent on the joint venture meeting periodic milestones.

**B. Mr. Hernan's Anticipated Testimony**

Mr. Hernan's anticipated testimony is expected to cover substantially the same topics about which he was questioned by the Department of Justice (DOJ) and Homeland Security Investigations (HSI) in 2023, as summarized in a DOJ and HSI Report of Investigation (ROI). This questioning occurred with the cooperation of the Philippine authorities.

Mr. Hernan served as the Chairperson for COMELEC's Bids and Awards Committee ("BAC"). The procurement for the 70,977-unit voting machine contract was assigned to a "Special BAC 1," chaired by Hernan, while a separate BAC was created for 23,000 additional machines. According to the ROI prepared by a U.S. government agent, Mr. Hernan described COMELEC's bidding process, and stated that it adheres to principles of transparency, competitiveness, and accountability. Mr. Hernan played a significant role in selecting the winning bid to provide voting

machines for the 2016 elections.  In sum, Mr. Hernan will be able to speak to the bid submitted by joint venture referenced in the indictment that won the contract, other bids received, and the specific evaluation process for bids.

## Evidence Sought from the Philippines

The United States Federal Rules of Evidence will govern the admission of and use of evidence obtained in the Philippines at trial.  Upon completion of the testimony, any exhibits, transcripts, videos, documents produced, or other information relating to the oral testimony will be sealed and transmitted by a United States Consular official to the Clerk of the United States District Court for the Southern District of Florida.

## Reciprocity and Reimbursement

This Court appreciates your consideration of and assistance with this request for international judicial assistance and is willing to provide similar assistance to judicial authorities of the Philippines.

Mr. Piñate is willing to reimburse the judicial authorities of the Philippines for costs incurred in executing this Court's Letter Rogatory.

WE THEREFORE REQUEST that in the interest of justice, you cause, by your proper and usual process, Julio Thaddeus Hernan, to give oral testimony under oath by question and answers upon oral examination, such examination to continue from day to day until complete, in Manila, Philippines.

WE FURTHER REQUEST that you cause said oral examination to be reduced to video recording and to writing, and that such files, books, papers, or other articles

that said witnesses may identify a the oral examination be marked as exhibits and attested, and that you cause these to be returned to us through the nearest United States Consular Officer under cover duly sealed and addressed to the Clerk of the United States District Court for the Southern District of Florida, United States of America, and we shall be ready and willing to do the same for you in a similar case, when required.


Dated:  February __, 2025
Miami, Florida


_____
The Honorable Kathleen M. Williams
United States District Judge