UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW/Goodman

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROGER ALEJANDRO PIÑATE MARTINEZ,

    Defendant.

_____/

**<u>DEFENDANT ROGER PIÑATE'S NOTICE OF FILING</u>**

In advance of the Status Conference scheduled for April 9, 2025 [Doc. 127] regarding the foreign Rule 15 depositions in this matter, Defendant Roger Piñate files the attached letter received on April 8, 2025 from the Philippines Commission on Elections (COMELEC) regarding the Letters Rogatory issued by this Court.

By way of backdrop, subsequent to the Court's March 6, 2025 Order [Doc. 109] granting the parties' respective motions for Rule 15 depositions (while reserving ruling on whether Defendants will be permitted to travel to these depositions), counsel for the parties conferred regarding the scheduling and logistics for the depositions in Taiwan and the Philippines. Consistent with the Court's preference that the depositions should be coordinated during a single trip abroad, the parties agreed to schedule the depositions for the three witnesses in Taiwan requested by the government during the window of May 21-23, with the depositions for the two

witnesses in the Philippines requested by the Defendants to follow during the window of May 26-28. The letter from COMELEC (attached as Exhibit A) indicates that, due to national and local elections taking place in the Philippines in May, and "[b]arring any legal impediment or contrary guidance, we **may** be in a position to consider scheduling the requested deposition beginning June 2025 onwards." (Emphasis added.)

Defendants are concerned with the equivocal wording of COMELEC's letter. As the Court stated in its March 6, 2025 Order, "the Court expects the Parties to work together to obtain appropriate approvals from host countries such that taking these depositions will require only one trip abroad." It is unclear to the Defendants whether the government has <u>affirmatively</u> requested in writing or otherwise that COMELEC facilitate the depositions consistent with the Court's Order and the Letters Rogatory, or whether the government is simply confirming with COMELEC that it has received the Defendant's request.

Consistent with the Court's wishes, Defendants likewise prefer to conduct the depositions in a single trip abroad, though they understand that two trips may be necessary for unavoidable reasons, such as the Philippine elections. However, what Defendants want to avoid is a situation in which the depositions requested by the government are taken in Taiwan in May without confirmation from COMELEC and the government that the depositions in the Philippines <u>will</u> be taken, even if they need to be taken in June or July.

Dated: April 8, 2025

Respectfully submitted,

COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Tel: (305) 476-7400

By: /s/ *Curtis B. Miner*
    Curtis B. Miner, Esq.
    (Florida Bar No. 885681)
    E-mail: curt@colson.com
    Thomas A. Kroeger, Esq.
    (Florida Bar No. 19303)
    E-mail: tom@colson.com

MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel: 202-739-5932
Sandra L. Moser, Esq. (*pro hac vice*)
E-mail: Sandra.moser@morganlewis.com
Justin D. Weitz, Esq. (*pro hac vice*)
E-mail: Justin.weitz@morganlewis.com

*Counsel for Defendant Roger Alejandro Piñate Martinez*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent an e-mail notification of such filing to all CM/ECF participants on April 8, 2025.

/s/ *Curtis B. Miner*
Curtis B. Miner, Esq.