UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-20343-CR-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONATO BAUTISTA, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court following the April 9, 2025 Status Conference. On March 6, 2025, the Court issued an order granting the Parties' request to conduct Rule 15 depositions, while reserving ruling on whether Defendants would be permitted to travel internationally for these depositions (DE 109). Having reviewed the Parties' submissions (DE 104; DE 105; DE 106), and considered the arguments presented by counsel during the Status Conference, the Court now finds that limited international travel by Defendants is warranted under strict supervision.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants Roger Alejandro Piñate Martinez and Jorge Miguel Vasquez are **AUTHORIZED** to travel to Taiwan and the Philippines for the purpose of attending Rule 15 depositions, subject to the following conditions:

1. **Attendance at Depositions**: Defendants shall be present at each scheduled deposition in Taiwan and the Philippines. The Parties are encouraged to continue in their efforts to coordinate one trip to effectuate the depositions in each of these countries.

2. **Attorney Control of Passports**: As proposed by Defendants, Attorney Curtis Miner, counsel for Defendant Piñate, shall maintain physical custody and control of Piñate's passport at all times, while in transit, and throughout

the duration of the trip. Attorney Frank Rubino, counsel for Defendant Vasquez, shall do the same with Vasquez's passport. Under no circumstances shall Defendants have independent access to their passports, except when presenting themselves to airline officials, customs officers, and hotel registry.

3. **Restricted Travel**: Defendants shall not engage in any travel beyond what is necessary to attend the depositions. Travel is strictly limited from the airport to their hotel and deposition locations. No tourism, sightseeing, or any other travel outside of these locations is permitted.

4. **No Contact with Witnesses**: Defendants shall not initiate or engage in any contact, either direct or indirect, with any potential or scheduled witness.

5. **Extradition Waivers**: Prior to departure, Defendants shall execute written waivers of extradition to ensure their return to the United States, if necessary.

6. **Violation of Order**: Any violation of this Order will result in immediate forfeiture of bond, arrest, and the potential forfeiture of any defenses or evidence that may otherwise have been available to Defendants.

The Court issues this Order consistent with Defendants' confrontation rights under the Sixth Amendment. The Supreme Court has repeatedly emphasized the significance of a defendant's confrontation right. *See Smith v. Arizona*, 603 U.S. 779, 802 (2024); *see also Crawford v. Washington*, 541 U.S. 36, 68–69 (2004). Indeed, the Sixth Amendment's Confrontation Clause guarantees a defendant a "face-to-face encounter" with witnesses appearing before the trier of fact. *See Coy v. Iowa*, 487 U.S. 1012, 1017 (1988). However, while the Court recognizes and upholds the Defendants' Sixth Amendment right to confront witnesses, that right does not eliminate the Court's obligation to ensure strict compliance with bond and travel restrictions and accountability in this pending criminal matter.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 9th day of April, 2025.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE