UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW

UNITED STATES OF AMERICA

      Plaintiff,

vs.

SGO CORPORATION, LIMITED,
ROGER ALEJANDRO PINATE MARTINEZ,
and JORGE MIGUEL VASQUEZ,

      Defendants.

_____/

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO TAKE RULE 15 DEPOSITIONS

THIS CAUSE having come before the Court on Defendant SGO Corporation Limited's Motion for Authorization to Take Rule 15 Depositions [Doc. 376] ("Motion"),

in which Defendants Roger Piñate and Jorge Vasquez have joined, and the Court

being advised that the government does not oppose the taking of the depositions, it

is

hereby ORDERED AND ADJUGED that:

The Motion is GRANTED. Defendants are authorized to take the depositions

of Ester Villaflor-Roxas, Jose Tolentino, and Kim Jacinto-Henares in the Republic of

the Philippines, pursuant to Fed. R. Crim. P. 15.

Defendants Roger Piñate and Jorge Vasquez may attend the depositions in the

Philippines in person on the condition that they comply with the Court's

previously-entered Order [Doc. 134], with any counsel of record an appropriate

substitute for the counsel specifically named in that Order.

The parties shall exchange exhibits for the depositions no later than one week before the commencement of each deposition.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of April 2026.

_____
KATHLEEN M. WILLIAMS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

SGO CORPORATION, LIMITED,
ROGER ALEJANDRO PIÑATE MARTINEZ,
and JORGE M. VASQUEZ,
      Defendants.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER ROGATORY)

To the Appropriate Judicial Authority of the Philippines:

The United States District Court for the Southern District of Florida (the "Court") presents its compliments to the appropriate judicial authority of the Philippines and requests international judicial assistance to obtain evidence to be used in a criminal proceeding before this court in the above-captioned matter (the "Action"). A trial on this Action is scheduled to commence on January 11, 2027, in Miami, Florida, United States of America.

This Court requests the assistance described herein as necessary in the interests of justice. This assistance requested is that the appropriate judicial authority of the Philippines allow the deposition of Filipino nationals Ester Villaflor-Roxas and Jose Tolentino, and to do so via live testimony at an agreed-upon location in the Philippines or elsewhere.

## Facts of the Case

### A. The Government's Allegations

In an Indictment, the United States Government charged Roger Piñate and Jorge M. Vasquez with conspiratorial and substantive violations of the Foreign Corrupt Practices Act ("FCPA") and money laundering statutes. Specifically, Count 1 of the indictment charges Mr. Piñate and co-defendant Jorge Vasquez with conspiracy to violate the FCPA (18 U.S.C. § 371); Count 2 charges Mr. Piñate and Mr. Vasquez with a substantive FCPA violation (15 U.S.C. § 78dd-2); Count 3 charges a money laundering conspiracy against Mr. Piñate, Mr. Vasquez, and the remaining co-defendants, Elie Moreno and Juan Bautista (18 U.S.C. § 1956(h)); and Counts 4-6 charge all four defendants with substantive promotional money laundering (§ 1956(a)(2)(A)). In a Superseding Indictment, the United States Government added SGO Corporation, Limited as a defendant to the FCPA conspiracy (Count 1) and the money laundering counts (Counts 3, 4-6).

The defendants who have appeared in the action, Mr. Piñate, Mr. Vasquez and SGO have each entered pleas of "not guilty." Under United States law, all defendants are presumed innocent unless and until proven guilty beyond by a reasonable doubt in front of a neutral trier of fact.

Broadly speaking, the Superseding Indictment alleges a scheme to bribe co-defendant Mr. Bautista, the former chairman of the Philippine Commission on Elections ("COMELEC"). In exchange, the indictment alleges that a "sham loan" was created for the benefit of Mr. Bautista and that payments attempted pursuant to that

loan constitute conspiratorial and substantive money laundering offenses. The bribery scheme alleged in the Superseding Indictment revolves around COMELEC's payment processes with respect to the release of milestone payments and VAT (value-added tax) payments. As alleged in the Superseding Indictment, a foreign joint venture comprised of several companies bid on—and was awarded—three contracts related to the 2016 national elections in the Philippines. Under these contracts, the joint venture was obligated to manufacture and lease nearly 100,000 voting machines and transmit election results. Payments made under these contracts were contingent on the joint venture meeting periodic milestones.

### B. Ester Villaflor-Roxas' Anticipated Testimony

Ester Villaflor-Roxas' anticipated testimony is expected to cover her role and responsibilities as the Project Management Office (PMO) Project Control Head for the 2016 elections. She is anticipated to be able to testify about COMELEC's receipt, examination, and acceptance of the milestone deliverables from the joint venture, and to be able to testify about the processes involved in the milestone examination process, including the various departments and parties involved.

### C. Jose Tolentino' Anticipated Testimony

Jose Tolentino's anticipated testimony is expected to cover his role as role and responsibilities as Executive Director of COMELEC for the 2016 elections. He is anticipated to be able to testify about the payment process in the context of ensuring payment was remitted to the joint venture by COMELEC only after deliverables were accepted.

## Evidence Sought from the Philippines

The United States Federal Rules of Evidence will govern the admission of and use of evidence obtained in the Philippines at trial. Upon completion of the testimony, any exhibits, transcripts, videos, documents produced, or other information relating to the oral testimony will be sealed and transmitted by a United States Consular official to the Clerk of the United States District Court for the Southern District of Florida.

## Reciprocity and Reimbursement

This Court appreciates your consideration of and assistance with this request for international judicial assistance and is willing to provide similar assistance to judicial authorities of the Philippines.

SGO is willing to reimburse the judicial authorities of the Philippines for costs incurred in executing this Court's Letter Rogatory.

WE THEREFORE REQUEST that in the interest of justice, you cause, by your proper and usual process, Ester Villaflor-Roxas and Jose Tolentino, to give oral testimony under oath by question and answers upon oral examination, such examination to continue from day to day until complete, in Manila, Philippines.

WE FURTHER REQUEST that you cause said oral examination to be reduced to video recording and to writing, and that such files, books, papers, or other articles that said witnesses may identify a the oral examination be marked as exhibits and attested, and that you cause these to be returned to us through the nearest United States Consular Officer under cover duly sealed and addressed to the Clerk of the

4

United States District Court for the Southern District of Florida, United States of America, and we shall be ready and willing to do the same for you in a similar case, when required.

Dated: April 17, 2026
Miami, Florida

_____
The Honorable Kathleen M. Williams
United States District Judge

5