**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SGO CORPORATION LIMITED,

Defendant.

Case No. 24-cr-20343 (KMW)

**REPLY IN SUPPORT OF MOTION**
**TO COMPEL DISCOVERY ON SGO CORPORATION LIMITED'S**
**MOTION TO DISMISS FOR VINDICTIVE AND SELECTIVE PROSECUTION**

Instead of complying with this Court's clear directive to confer with SGO Corporation Limited ("SGO") regarding its reasonable limited discovery requests, the government continues to purposefully evade, obstruct, and confuse the matters at issue. In its Response to Motion to Compel Discovery (the "Response") (DE 423), the "case prosecutors" once again demonstrate that they do not know—*or do not want to know*—what was truly behind the decision to indict SGO. The government's refusal to confer in good faith with SGO about discovery, its carefully crafted responses regarding only the knowledge and actions of the self-described and intentionally differentiated "case prosecutors" rather than higher-level decisionmakers in the Department of Justice ("DOJ"), and its unwillingness to address any of SGO's limited discovery requests in its Response, are further grounds to grant SGO's Motion to Compel Discovery. For the reasons stated herein and in the Motion to Compel Discovery (DE 406), this Court should order the government to produce the limited and narrowly tailored discovery SGO has requested.

## I.    The Government's Disregard of the Court's Clear Directive.

During the May 6 hearing, this Court recognized, "it's what's behind 'the decisions were made' that I think the defendant articulates at least a reason to have this conversation and perhaps engage in some kind of exchange or limited discovery." May 6, 2026 Hr'g Tr. ("May 6 Tr.") at 16:23-17:1. On May 11, the Court ordered the parties to meet and confer as to the scope of the limited discovery by May 20. DE 397. The government's blatant disregard of this Court's unambiguous order and refusal to engage in good faith conferral simply ignore the Court's specific ruling. The government decided no discovery is appropriate; instead of obeying a court order, it simply ignored it in letter and spirit.

Despite receiving SGO's reasonable discovery requests *more than a week prior*, on the afternoon of the deadline set by this Court, the government responded with boilerplate objections to the limited reasonable scope of potential discovery. The government did not propose any alternatives that it would consider, nor did it suggest limiting SGO's requests in any way. ███

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████

This has been the government's approach again and again in this case: evade, duck, and distract. Rather than engage in meaningful back-and-forth regarding SGO's discovery requests, the government evaded, ensuring that any conferral would be useless. Rather than address the question of whether high-level members of DOJ have responsive documents, the government ducked, instead pointing to the actions of the line prosecutors, whose power in this Department of Justice is subservient to the whims of the President. And rather than address SGO's specific

2

argument as to discovery, the government seeks to distract the Court by focusing on its version of the decision to indict SGO, and *not* the specific Motion it was allegedly responding to.

## II.  The Government's Response Fails to Address the Motion to Compel.

In its Response, the government does everything except address this Court's directive. Instead of actually responding to SGO's arguments, the government devotes almost the entirety of its Response to rehashing its "timeline" of investigation, apparently confusing the matters at issue, and attempting to relitigate its opposition to SGO's Motion to Dismiss for Vindictive and Selective Prosecution. The "case prosecutors" evade the real issues because they do not know, or do not want to know the answers to the questions presented—*which is exactly why SGO should be entitled to the limited discovery it requests*.

Once again, *this is not about the actions, views, knowledge, or beliefs of the "case prosecutors."* Nor is this motion about the "timeline" of the government's investigation, or the alleged validity of its grand jury presentation. *See* DE 423 at 2-6, 10. This is not about whether SGO has presented sufficient evidence at this point in the proceedings (without the benefit of vital limited discovery) to have the case dismissed for vindictive or selective prosecution.

This is about the government's refusal to comply with the Court's clear directive that the parties meet and confer over the scope of limited discovery. This is about the decisionmakers in Trump's DOJ—the political appointees who serve (or have previously served before resigning or being unceremoniously fired for displeasing their boss) at the pleasure of President Trump. This is about the leadership at Main Justice and the Southern District of Florida who have supported

President Trump's lie that he won the 2020 presidential election and their attack on President Trump's perceived political enemies involved in that election, including Smartmatic.[1]

As set forth in the Motion to Compel Discovery (DE 406), SGO's requests are narrowly tailored to answer the question this Court presented during the May 6th Hearing: what was behind the decision to indict SGO?   The "case prosecutors'" conclusory statements—that are not supported by even a preliminary inquiry into the key communications between their supervisors— entirely and perhaps intentionally miss the mark.  The only way to answer the question presented is to grant the limited discovery SGO seeks.

a.   The government fails to counter SGO's first discovery request.

The government's Response purposefully mischaracterizes SGO's discovery requests and position. Regarding the selective nature of SGO's prosecution (and apparently in some way related to SGO's first discovery request), the government states, "Rather than identify a requisite comparator, Smartmatic simply points to the FCPA enforcement landscape, a theory that might render 'selective' every FCPA prosecution." DE 423 at 9.

First, SGO has already noted *dozens* of FCPA, corruption, and fraud cases the Trump DOJ abandoned after the President took office again in early 2025. *See* DE 351 at 3-4, 17.  Critically,

---

[1] The social media posts of President Trump—which have included announcing foreign policy decisions, cabinet-level official firings, breaking news, and his frequent direct attacks on his perceived political enemies (which have at times been followed shortly thereafter by subpoenas or indictments by his DOJ)—should not be dismissed. *See* DE 423 at 11.  The government is trying to re-litigate the underlying motion by focusing on social media—a topic about which SGO has not sought discovery. The government's attempt to shift focus from the actual issue—the scope of discovery appropriate here—is yet another distraction. Indeed, the citation of one cherry-picked online article is inaccurate and misleading, especially when set against the backdrop of President Trump's constant drum-beating about an election he claims, falsely, was stolen from him by a shadowy cabal of voting machine companies and a host of others. This Court has said it is not focused on social media. It should be focused on what DOJ decision-makers said and did, and the only way to determine that is for DOJ to provide meaningful discovery.

in what is perhaps the most compelling evidence of the current DOJ's selectiveness, President Trump's DOJ recently requested dismissal of its most high profile FCPA matter, *United States v. Adani*, No. 24-cr-00433 (E.D.N.Y. 2024). The Biden Administration's DOJ unsealed the indictment against Adani and his co-conspirators in November 2024, alleging that "the defendants orchestrated an elaborate scheme to bribe Indian government officials to secure contracts worth billions of dollars" and paid "over $250 million in bribes to Indian government officials, [] lie[d] to investors and banks to raise billions of dollars, and [] obstruct[ed] justice."[2] However, after a lawyer who had previously acted as President Trump's personal lawyer met with Trump's DOJ, the government decided to move to dismiss all charges against Adani.[3]

On May 18, 2026, the Trump DOJ filed a one-paragraph letter motion "requesting that the Court dismiss the indictment in this case with prejudice" because it "decided, in its prosecutorial discretion, not to devote further resources to these criminal charges..." Case No. 1:24-cr-00433-NGG, DE 23. The Trump DOJ's motion is currently pending before United States District Court Judge Nicholas G. Garaufis.

Second, it is not simply the Trump DOJ's retreat from FCPA enforcement that makes this prosecution vindictive and selective. It is that retreat *coupled* with President Trump's recent and repeated attacks on Smartmatic for playing a part in supposedly "rigging" the 2020 election, the timing of the Trump DOJ's decision to indict SGO over a year after the previous administration

---

[2] U.S. Att'y's Office, E.D.N.Y., Press Release, *Billionaire Chairman of Conglomerate and Seven Other Senior Business Executives Indicted in Connection With Scheme to Pay Hundreds of Millions of Dollars in Bribes and Conceal Bribery Scheme From U.S. Investors* (Nov. 20, 2024).

[3] Santul Nerkar and Alex Travelli, *Federal Prosecutors Move to Drop Bribery Case Against Indian Magnate*, N.Y. TIMES, May 18, 2026, https://www.nytimes.com/2026/05/18/nyregion/gautam-adani-indictment-trump.html (noting that the decision to drop the charges against Adani "appeared to typify the transactional nature of the Justice Department under President Trump" and "comes as the Justice Department in Mr. Trump's second term has shifted away from prosecuting crimes like public corruption and foreign bribery, and toward immigration offenses.").

charged the individual defendants, the incongruity of naming "Company 1" in the original indictment and then much later superseding the original indictment to add that company as a defendant, the government's failure to alert the Court that it was contemplating indicting SGO despite a fast-approaching trial date, ███████████████████████████████████

███████████████████████████████████████████████████

Third, the new "guidance" that the Trump DOJ "promulgated ... setting forth the non-exhaustive factors prosecutors must consider in determining whether to pursue FCPA investigations and charges" (DE 423 at 9) further supports the suspicious anomaly of charging a corporation whose alleged actions *meet none of the delineated factors*.[4]

Other than noting the period of time SGO seeks communications between the real decisionmakers in Trump's DOJ (*see* DE 423 at 1), the government does not articulate any substantive objection to SGO's first discovery request. The "case prosecutors" have not specifically claimed any privilege over the communications sought in SGO's first discovery request—nor can they, as it is apparent that they have never seen such communications.



---

[4] In yet another attempt to avoid contending with their own actions, the centerpiece of this motion, the government perplexingly relies on law firm client alerts which encourage ongoing compliance with the FCPA. Of course, these alerts do not now, nor could they ever, address the central issue here: that is; the people, the circumstances, and what lies behind the decisions that led to *this prosecution*. *See* DE 423 at 9.



c.  The government fails to counter SGO's third discovery request.

In its outright dismissal of the third proposed request, the government again refuses to engage in a meaningful conferral process and, instead, while representing that the "case prosecutors" having nothing responsive in their possession, does nothing to answer the issue at hand.  Simply put, the "case prosecutors" are not the relevant custodians here.  This is clear and the government's efforts to frustrate this process should be answered with the grant of limited discovery.

III.  **Conclusion**

As recently demonstrated in *U.S. v. Adani*, just as those disfavored, like SGO, are prosecuted, those in Trump's favor receive untold benefits.  From the creation of real slush funds to benefit the President's allies, to the dismissal of the DOJ's largest and most high-profile FCPA case in years, this too reveals the true workings of the current Justice Department.  SGO

unfortunately found itself on the wrong side of a DOJ suffused with contempt for the rule of law and impartial administration of justice.

We are living in unprecedented times. President Trump has repeatedly attacked his perceived political enemies, including Smartmatic, and has encouraged his DOJ to go after them more aggressively.[5] The erosion of trust in the Trump DOJ has been repeatedly noted by the federal judiciary.[6] The Acting Attorney General has already been found to have participated in the vindictive prosecution of a criminal defendant[7] and has been widely criticized for doing the President's bidding.[8]

SGO has presented sufficient evidence of irregularities in the prosecution of this case and the government's continued targeting of SGO to receive limited discovery. The government should comply with the Court's order and embrace full transparency. SGO requests to be heard at the July 8 status conference, if the Court decides not to grant SGO's Motion to Compel discovery on papers.

---

[5] *See, e.g.*, Jeremy Roebuck, Perry Stein, and Salvador Rizzo, *Trump demands Bondi prosecute political foes in Truth Social posts*, WASH. POST, updated Sept. 20, 2025, https://www.washingtonpost.com/national-security/2025/09/20/replacement-named-va-prosecutor-ousted-over-probes-trump-foes/ ("President Donald Trump demanded that Attorney General Pam Bondi move swiftly to prosecute several political opponents in a series of extraordinary social media posts Saturday, a breakdown of traditional fire walls that have existed between the White House and Justice Department on prosecutorial discretion.");

[6] *See, e.g.*, Mattathias Schwartz, *Losing Trust in Justice Dept., Judges Call Out Its Lawyers' Behavior*, N.Y. TIMES, June 1, 2026, https://www.nytimes.com/2026/06/01/us/justice-department-lawyers-judges-trump.html.

[7] *See United States v. Abrego-Garcia*, No. 3:25-cr-00115, 2026 WL 1454303 (M.D. Tenn. May 22, 2026).

[8] *See* Devlin Barrett and Glenn Thrush, *Trump Nominates Blanche for Attorney General, Setting Up Confirmation Fight*, N.Y. TIMES, June 8, 2026, https://www.nytimes.com/2026/06/08/us/politics/trump-todd-blanche-attorney-general.html ("A wide range of former law enforcement officials have sharply criticized Mr. Blanche's brand of justice, saying he has deployed prosecutorial power to punish Mr. Trump's perceived foes, and in the process badly damaged the department's reputation with the courts and the public.").

Date:   June 10, 2026

/s/ *Joseph M. Schuster*
Joseph M. Schuster, Esq.
101 N.W. 8th Street
Suite 200, Unit 12
Miami, FL 33136
Tel:  305-610-8330
Email: jschuster@sweetnamlaw.com
FL Bar No.:  0115812

*Counsel for SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the corresponding parties.

By: */s/ Joseph M. Schuster*
Joseph M. Schuster, Esq.