**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,

                    Plaintiff,

      v.

SGO CORPORATION LIMITED,

                  Defendant.

Case No. 24-cr-20343 (KMW)

## SGO CORPORATION LIMITED'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS COUNTS 3-6 FOR INSUFFICIENT VENUE

The government, again and again, ducks, dodges, bobs, and weaves, rather than committing to a theory of this case and following this Court's orders. After the May 6 hearing, the Court ordered the government to "provide the defendants with information regarding the factual grounds alleged to establish venue in the Southern District of Florida with respect to each defendant. . . [s]uch information must include the acts performed in furtherance that support venue (completed offenses and/or attempts pursuant to Section 1956(i)(1) and (2)), as well as the facts establishing the presence of the individual defendants in the Southern District of Florida." DE 397 at 2. But the government's Venue Notice (DE 409-1) did none of these things. And its brief response to SGO Corporation Limited's ("SGO") renewed motion to dismiss shows that it knows that to be the case. Consider four problems with the government's filing.

*First*, in complete disregard of the Court's order, the government still has not clarified whether the offenses charged in Counts 4, 5, and 6 are "attempted" or "completed." Given that the alleged offenses occurred in August 2016—nearly ten years ago—the government should need no additional information to decide whether Counts 4, 5, and 6 actually happened.[1] Ordered to

---

[1] The government's rigid hesitancy to commit to a theory begs yet another question: what did the grand jury actually

provide the defendants with clarity as to what they are charged with, the government again ducked the question.

In its most recent response, the government refers to Eleventh Circuit Pattern Jury Instructions for money laundering (O74.3). DE 431 at 1; *see also* DE 409-1 at 3. It is unclear why. That money laundering *can* be either a completed or attempted offense is not in dispute; what remains unknown—and what the government takes pains not to answer—is whether the offenses charged here, which the government alleges transpired ten years ago, were completed or attempted. Citation to the jury instructions does not answer the fundamental question of *what* is alleged; it is merely a distraction.

*Second*, while the government's reference to the statute's use of the word "conducted" suggests completed offenses, the government has not provided information establishing the presence of the individual defendants in the Southern District of Florida at the time of the alleged offenses. Indeed, the Venue Notice admits that none of the defendants were in the Southern District of Florida at the times of the charged wire transfers on August 16, 22, or 31, 2016. *See* DE 425 at 5.

*Third*, the Superseding Indictment includes a long list of alleged overt acts for its FCPA conspiracy charge (Count 1). But the money laundering counts do not include, reference, or incorporate other counts, their allegations, or their overt acts to support the money laundering counts (Counts 3–6). DE 425 at 3–4. The government chose not to address this argument in its response and, functionally, has waived it.

*Finally*, implicitly acknowledging the holes in its arguments—or rather the lack of facts supporting venue in the Southern District of Florida—the government takes the position that if

---

charge SGO with? Did the grand jury find probable cause that the same offense was actually attempted *and* completed?

everything else fails, venue would be proper "because the defendants aided and abetted the wire transfers from here." DE 431 at 2. This is news to SGO; rather than committing to a single theory of venue, the government now adds a third potential basis. But aiding and abetting should not be a default position because the government cannot otherwise meet the venue standard.

The government's refusal to commit to a venue theory is, like so much in this case, indicative of the fatal fractures with its case. The government knows that it has been wrong again and again: about whether the Philippine election contracts were obtained illicitly (a theory it has now dropped entirely); whether defendant Vasquez made certain statements to Special Agent Almeida (which it has now walked away from); and the underlying Philippine law SUAs in this case (two of which have now been discarded). No wonder the government wants maximal flexibility up until, and through, the trial.

But the Constitution, which twice explicitly guarantees a criminal defendant the right to proper venue, does not allow such tactical gamesmanship. The government is unable or unwilling to commit to a venue theory, and accordingly, this Court should dismiss Counts 3–6 of the Superseding Indictment.

Date:   June 23, 2026

/s/ *Christopher C. Marquardt*
Jenny Kramer (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Phone: (212) 210-9420
Jenny.Kramer@alston.com


Christopher C. Marquardt
1201 West Peachtree Street, NE
Atlanta, GA 30309-3424
Phone: (404) 881-7000
Chris.Marquardt@alston.com


*Counsel for SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2026, I presented a hard copy of the foregoing to the

Clerk of the Court and provided electronic copies of the same to the corresponding parties.

*/s/ Christopher C. Marquardt*
Christopher C. Marquardt
ALSTON & BIRD LLP