**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CR-20343-KMW

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

SGO CORPORATION LIMITED,

      Defendant.

_____/

**DEFENDANT SGO'S NOTICE OF SUPPLEMENTAL**
**AUTHORITY IN FURTHER SUPPORT OF MOTION TO DISMISS**
**THE SUPERSEDING INDICTMENT FOR SELECTIVE AND VINDICTIVE**
**PROSECUTION AND MOTION TO COMPEL DISCOVERY REGARDING SAME**

Pursuant to Local Rule 7.8, defendant SGO Corporation, Ltd. ("SGO") respectfully submits this notice of supplemental authority in further support of its motion to dismiss for selective and vindictive prosecution (DE 351) and SGO's motion to compel discovery in support of the same (DE 406). The foregoing Notice concerns Principal Associate Deputy Attorney General (PADAG) Trent McCotter's July 4, 2026 letter in support of DOJ's motion to dismiss its indictment (DE 37, the "Letter," attached hereto as Exhibit A) in *United States v. Adani*, 1:24-cr-00433-NGG (E.D.N.Y.).

**NOTICE OF SUPPLEMENTAL AUTHORITY**

"This is a foreign case." This was McCotter's leading argument for dismissing *Adani*. And the Letter offers a more detailed roadmap to DOJ's new approach to FCPA prosecutions. McCotter stated that the U.S. must not "pretend[] to be the world police" and must focus on "enforcement actions against conduct that directly undermines U.S. national interests," principally "drug cartels

and transnational criminal organizations, cases that safeguarded fair opportunities for U.S. companies, cases that advanced U.S. national security interests, and cases involving serious misconduct." McCotter stated the *Adani* indictment "*must be dismissed*" for its failure to satisfy the Blanche Memorandum.

McCotter's succinct statement of policy explains why DOJ seeks to dismiss *Adani*, but it fails to explain why DOJ continues to prosecute *this* case. This too is "a foreign case" with a paper-thin nexus to the U.S.; is unrelated to cartels or TCOs; affects no U.S. company; and poses no risk to national security interests. Why has DOJ selected SGO and its employees for prosecution, while giving similarly situated defendants elsewhere a pass?

The reason is clear: DOJ is pursuing these defendants because of who they are. *Adani* is yet another example of this Administration's unconstitutionally selective approach to enforcing criminal law.

## **CONCLUSION**

For the reasons set forth herein, the Court should examine the Letter and assess why DOJ—in light of McCotter's representations to a federal court—is insistent that *this* case must proceed, even as DOJ declines to pursue FCPA charges (and even dismiss indicted cases) elsewhere.

Respectfully submitted,

Date: July 7, 2026

/s/ ***Joseph M. Schuster***
Joseph M. Schuster, Esq.
101 N.W. 8th Street
Suite 200, Unit 12
Miami, FL 33136
Tel: 305-610-8330
Email: jschuster@sweetnamlaw.com
FL Bar No.: 0115812

*Counsel for SGO Corporation Limited*

2

## CERTIFICATE OF CM/ECF SERVICE

I HEREBY CERTIFY that on July 7, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the corresponding parties.

By:  *s/ Joseph M. Schuster*
Joseph M. Schuster