**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-20343-KMW(s)**

**UNITED STATES OF AMERICA**

**vs.**

**ROGER ALEJANDRO PIÑATE MARTINEZ,**

**Defendant.**

_____/

## RESPONSE TO MOTION TO DISMISS

A week after the Court lamented the "whack-a-mole" docket in this case, defendant Roger Piñate filed another motion to dismiss based on a selective prosecution theory he concedes is already squarely before the Court, DE 351, 358, 374, in a motion he previously adopted. DE 398. The defendant re-filed a letter previously docketed as a notice of supplemental authority, DE 445 Ex. 1, and requested identical relief sought in prior briefing, multiple hearings, and conferences between the parties. DE 406, 423, 428.

The defendant cannot credibly claim that the decision to charge him with bribery and money laundering offenses was selective, given that he was initially charged in 2024, during the previous Administration. Instead, he claims the government's unwillingness to be pressured into dropping those charges and decision to retain him as a defendant in the more recent Superseding Indictment is evidence of selective prosecution. It is not. While the argument continues to evolve from *Abrego-Garcia*, now pivoting to the *Adani* matter, the defendant remains unable to identify any true "comparator"—the essential requirement of a selective prosecution claim.

Days before this motion, the Court set aside the trial date and granted a defense request to indefinitely postpone the deadline for substantive motions. And now, the perpetual motion

practice continues, simply changing the inapposite case *du jour* the defendants seek to align themselves with, and preventing any motion from becoming ripe for review and disposition. The motion should be denied.

**ARGUMENT**

## I.     THE DEFENDANT FAILS TO IDENTIFY A REQUISITE COMPARATOR.

First, it is the government's prerogative to make charging decisions based on the specific facts and considerations of each case. *See* Justice Manual § 9-27.220. That principle applies to federal prosecutions generally, including those brought under the Foreign Corrupt Practices Act ("FCPA"). Indeed, neither the Justice Manual nor the Department's 2025 FCPA Guidelines creates any substantive or procedural rights for defendants. *See id*. § 9-27.150; 2025 FCPA Guidelines at 1 n.1. Applying relevant and appropriate considerations set forth by the Justice Department, the instant prosecution of the defendant, alongside three other individuals was commenced by career prosecutors during the previous Administration through the 2024 Indictment and maintained through the 2025 Superseding Indictment.

Courts have emphasized that the relevant focus of a selective prosecution claim is the decision to charge, not a decision to continue a prosecution. *See, e.g.*, *United States v. Yoho,* 748 F. App'x 535, 536 (4th Cir. 2019) ("[T]he only evidence of selective prosecution is that all charges against [the defendant's] codefendant were dropped without a clear explanation for that decision. This evidence is not sufficient to meet the substantial burden placed upon [the defendant] to show that the Government's decision to charge [the defendant] was premised on reasons that the Constitution forbids."). The defendant points to no authority finding otherwise. This should be the end of the selective prosecution analysis.

2

The defendant's central argument is that the government's decision to seek a dismissal in *United States v. Gautam S. Adani, et al.*, No. 24-cr-433 (E.D.N.Y.) demonstrates that the ongoing prosecution in the case before this Court is selective and vindictive. The defendant's assertions and insinuations about the current state of the enforcement of the FCPA—which the defendant characterizes as "functionally a dead letter"—are misleading at best. DE 448 at 10. For that reason, *Adani* is an unusual case to cite in a motion aimed at ensuring regularity. The unspoken but clearly suggested subtext to the defendant's argument is that indictments against numerous FCPA defendants have been aborted and that he and his co-defendants are singled out because they are "'unfavorable' in the eyes of this Administration." *Id.* But that is wrong. To date, the only charged FCPA cases in which the government has sought a dismissal during this Administration are the two cases cited by the defendant—*Adani* and *United States v. Coburn and Schwartz*, 19-cr-120 (D.N.J.).

As defense counsel undoubtedly know, there have been and continue to be numerous active ongoing FCPA prosecutions and investigations, against companies and individuals alike. Since the issuance of the Department's FCPA Guidelines by the Deputy Attorney General a little over a year ago, the Department has prosecuted three FCPA trials, with a fourth trial currently underway in the Eastern District of New York, and has additional FCPA cases set for trial in 2026 and 2027. Just two weeks ago, the Department announced its most recent FCPA corporate resolution with The Scoular Company. That enforcement record and active trial docket flies in the face of the insinuation that FCPA enforcement is dead or limited to this case and that the Department's position in *Adani* somehow shows selective and vindictive prosecution against this defendant here.

Ignoring evidence of the continued enforcement of the FCPA, the defendant latches onto the *Adani* case, in which the Department recently sought a dismissal of wire fraud and securities fraud charges against Gautam Adani and two co-defendants, as well as FCPA conspiracy charges brought against several other co-defendants.  Without delving into the facts of the *Adani* case or the government's arguments in favor of dismissal, there are several obvious distinctions between the two cases.  For example, each of the defendants in the *Adani* case was a foreign individual who resided abroad, and not a single defendant had appeared in the case; moreover, as noted above, the lead defendant, Gautam Adani, was charged with fraud offenses, not FCPA or money laundering violations.

Here, the Superseding Indictment presents FCPA and money laundering offenses against, among others, two domestic concerns, defendants Piñate and Vasquez, who are residents of the Southern District of Florida.  Defendant Vasquez is also a U.S. citizen.  The indictment describes substantial conduct in the United States and the use of shell companies that transact funds through the U.S. financial system.  Lastly, the evidence will show at trial that defendant Bautista used the bribes he received from Smartmatic USA executives Piñate and Vasquez to purchase a million-dollar property in San Francisco, California.  Suffice it to say, *Adani* is not a similarly situated comparator.[1]

---

[1] Nor was the case involving executives of Cognizant Technology Solutions an instructive comparator. *United States v. Coburn and Schwartz*, 19-cr-120 (D.N.J.).  That case was adjourned on the eve of jury selection to assess the implications of the February 10, 2025 FCPA Executive Order and later dismissed on April 3, 2025—before the formulation or promulgation of the operative FCPA Guidelines.

II.     **THE CHARGES AGAINST THE DEFENDANT ARE CONSISTENT WITH THE FCPA GUIDELINES.**

One of the core principles animating federal prosecutions is vindicating important federal interests. *See* Justice Manual § 9-27.230. The Department's 2025 FCPA Guidelines emphasize a similar concept and instruct prosecutors to focus on a number of priority factors, including (1) misconduct associated with cartels or transnational criminal organizations (TCOs), (2) cases that safeguard fair opportunities for U.S. companies, (3) cases that advance U.S. national security, and (4) cases involving serious misconduct, such as, among other things, "substantial bribe payments [and] proven and sophisticated efforts to conceal bribe payments," rather than "routine business practices or de minimis or low-dollar, generally accepted business courtesies." 2025 FCPA Guidelines at 2-4.

Following the FCPA Executive Order of February 10, 2025, but before the issuance of the Department's June 2025 FCPA Guidelines, the defendant submitted an 8-page letter for the Department's consideration. On April 9, 2025, the government filed a Notice of Authorization to Proceed, alerting the Court that "[t]he Department of Justice conducted a detailed review of the instant case as contemplated by [the FCPA] Executive Order." DE 135.

Unsurprisingly, as part of its review of all existing FCPA cases consistent with the principles expressed in the Department's FCPA Guidelines, the government concluded that this already indicted case, in which senior executives, including U.S. domestic concerns, of a multinational voting machine company who acted in or through the United States and orchestrated an alleged million-dollar bribe to the chair of a foreign elections commission, should proceed. None of this is indicia of selective prosecution.

### III.   THE DEFENDANT HAS NOT MET THE DEMANDING BURDEN TO OVERCOME THE PRESUMPTION OF REGULARITY.

The Supreme Court and the Eleventh Circuit have made clear that overcoming the presumption of regularity is a demanding burden requiring clear and convincing evidence, *United States v. Armstrong*, 517 U.S. 456, 468-70 (1996); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000), particularly when the government's internal charging deliberations are sought by a criminal defendant. *See United States v. Nixon*, 418 U.S. 683, 705 (1974) ("[T]he valid need for protection" of internal communications is "too plain to require further discussion.").

In the absence of any identifiable comparator, the defendant raises staffing issues and seeks to preserve in amber confusion that has now been resolved at two hearings. The defendant again quotes the Court's later-clarified view that "things are going on related to this case that you, the line prosecutors, who you have advised me are responsible for the decision-making, knew nothing about." May 6, 2026 Hr'g Tr. 19:17-19. As the government has clarified twice on the record, that development involved legal process *unrelated* to this case issued six months after the Superseding Indictment. The government responded to Smartmatic's discovery request on this subject in writing and during the most recent status hearing.

The defendant again cites the Court's remark from the bench that "there is no more FCPA," which was a characterization of the FCPA landscape as of early 2025. *Id.* at 14:6-7. It was not an assessment of FCPA enforcement activity following the issuance of the FCPA Guidelines in June 2025. Since that time, consistent with the FCPA Guidelines and as previewed above, the government has charged several individuals and entered into multiple corporate resolutions. In November 2025, TIGO Guatemala, a telecommunications provider in Guatemala, entered into a deferred prosecution agreement with the government in connection with a bribery scheme in

Guatemala.  Earlier this month, the government entered into a deferred prosecution agreement with The Scoular Company, a private Fortune 100 company, pertaining to a bribery scheme in Mexico; in a related matter, one of the company's brokers pleaded guilty to an FCPA offense.[2]  The government has also continued to enforce the FCPA against individual defendants since the issuance of the FCPA Guidelines.  For example, within the last year, the government has prosecuted FCPA charges in four criminal trials—including one that began this week in the Eastern District of New York—and numerous other individuals have been charged with FCPA and related offenses or pleaded guilty.  Moreover, there are myriad ongoing and active investigations into potential violations of the FCPA and related statutes involving companies and individuals.  None of this corroborates the defendant's assertion that the FCPA is "functionally a dead letter," and it certainly does not constitute clear and convincing evidence of a defendant singled out for prosecution.

Finally, the defendant raises premature arguments getting to the sufficiency of the evidence and re-litigates whether a "business nexus" was properly pled.  The government disputes the defendant's claim that recent developments have "weakened" the case.  For present purposes, however, the Court should decline to adjudicate premature Rule 29 arguments.  In light of the demanding burden on a defendant seeking internal charging deliberations, the Court should require more than platitudes like "we live in a different world than we did in 2024" before granting any

---

[2] In addition to these two corporate deferred prosecution agreements, since the issuance of the FCPA Guidelines, the government has declined to prosecute and entered into two FCPA resolutions under Part I of the Department's Corporate Enforcement Policy with Liberty Mutual and Balt SAS, which each had voluntarily self-disclosed the underlying misconduct.  Related to the Balt SAS matter, the government indicted two individuals for alleged FCPA and money laundering offenses in March 2026.

discovery. DE 448 at 1. In any event, this latest motion simply rehashes arguments and re-cites authorities that are already squarely before the Court. The motion should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to dismiss.

Respectfully submitted,

LORINDA I. LARYEA
Chief

JASON A. REDING QUIÑONES
United States Attorney

*/s/ Connor Mullin*
CONNOR MULLIN (A5503233)
PATRICK BROWN (A5503352)
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20530
Tel: (202) 993-4828
Connor.Mullin2@usdoj.gov
Patrick.Brown4@usdoj.gov

*/s/ Robert J. Emery*
ROBERT J. EMERY
Assistant U.S. Attorney
Southern District of Florida
Court ID No. A5501892
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9421
Robert.Emery2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on July 30, 2026, and therefore on all counsel of record.

/s/ *Connor Mullin*
Connor Mullin
Trial Attorney

8